UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FROMON D. JENRETTE,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　Case No.  4:20-cv-275-TKW-MAF

**SERGEANT BARTELL** and
**OFFICER PUMPHREY,**

    **Defendants.**
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation. (Doc. 54).  No objections were filed.

Upon due consideration of the Report and Recommendation and the case file, the Court agrees with the magistrate judge's determination that there are genuine disputes of material fact that preclude entry of summary judgment.  However, the Court disagrees with magistrate judge's conclusory recommendation that counsel be appointed for Plaintiff.

It is well established that the appointment of counsel in a civil case is justified "only in exceptional circumstances, 'such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner,'" *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Fowler v. Jones,* 899 F.2d

1088, 1096 (11th Cir.1990)), and here, the facts in dispute are simple and the legal issues involved are straightforward.  The fact that the case survived summary judgment is not enough in and of itself to justify the appointment of counsel, and although Plaintiff (and the Court) might benefit from the involvement of counsel in this case, the Court is not persuaded that this is one of those exceptional cases in which counsel should be appointed because (1) the case only involves matters personally witnessed by Plaintiff, *cf. Smith v. Fla. Dep't of Corrections*, 713 F.3d 1059, 1065 (11th Cir. 2013), (2) the case does not involve expert witnesses or complex technical matters, (3) Plaintiff has shown through his filings that he is capable of presenting the merits of his position to the Court, and (4) the crux of Defendants defense is that they were unaware of the risk to Plaintiff, not that their acts and omissions would have been justified (or that they would have been protected by qualified immunity or some other complex legal doctrine) if they had been aware of the risk.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation is adopted and incorporated by reference in this Order, except as stated above.

2. Defendants' motion for summary judgment (Doc. 39) is **DENIED**.

3. Plaintiff's motion for appointment of counsel (Doc. 52) is **DENIED**.

4. The Clerk shall return this case to the magistrate judge for further pretrial proceedings, including at the magistrate judge's discretion a settlement conference and publication of notice to the Bar regarding the opportunity to provide pro bono representation to Plaintiff.

**DONE and ORDERED** this 12th day of November, 2021.

*T. Kent Wetherell, II*
_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**